UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CARL WEEMS &** | * | **CIVIL ACTION NO.:** |
| **BRANDON JACOB** | * | |
| | * | **SECTION:** |
| **VERSUS** | * | |
| | * | **MAG. DIVISION:** |
| **THE NEW ORLEANS PUBLIC BELT** | * | |
| **RAILROAD COMMISSION FOR THE** | * | **TRIAL BY JURY** |
| **PORT OF NEW ORLEANS & DEANGELO** | * | |
| **CONTRACTING SERVICES L.L.C.** | * | |
| ****************************************** | | |

## COMPLAINT FOR DAMAGES

MAY IT PLEASE THE COURT:

NOW COME, through undersigned counsel, the Plaintiff, Carl Weems, a person of full age and majority residing and domiciled in the Parish of Jefferson, State of Louisiana, and Plaintiff, Brandon Jacob, a person of full age and majority residing and domiciled in the Parish of St. Tammany, State of Louisiana who respectfully represents as follows:

### COUNT I:  FEDERAL EMPLOYER'S LIABILITY ACT ["FELA"]

1. This Honorable Court possesses federal question jurisdiction regarding both Plaintiffs' claims against their railroad employer the Defendant, New Orleans Public Belt Railroad Commission for the Port of New Orleans ["NOPB"], by virtue of 28 U.S.C. § 1331.

2. Plaintiffs' claims versus NOPB arise under the provisions of the Federal Employer's Liability Act ["FELA"], 45 U.S.C. § 51, *et seq*.

3. Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b)(2) as the Defendant, NOPB, owns, operates, and maintains equipment, rail yards, and mainline

railroad tracks in this federal district and the facts and circumstances giving rise to the claims occurred within the Eastern District of Louisiana.

4. The Defendant, NOPB, is a common carrier by railroad engaged in interstate commerce and is an independent political subdivision of the State of Louisiana.

5. This cause of action arises under the provisions of the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq.*, commonly referred to as FELA, to recover damages for personal injuries sustained by the Plaintiff, Carl Weems, while carrying out duties for his railroad employer NOPB as a track inspector, and by the Plaintiff, Brandon Jacob, while carrying out duties for his railroad employer NOPB as a trackman/laborer. The Plaintiffs' injuries were sustained in the line of duty and occurred while Plaintiffs and NOPB were engaged in NOPB's principal business of transporting freight in interstate commerce.

6. Defendant, NOPB, is liable unto its employees, Carl Weems and Brandon Jacob, for all of the damages each sustained, as well as all general and equitable relief, together with legal interest thereon from the date of judgment until paid, and for all costs of these proceedings for the following reasons to-wit:

7. On or about July 11, 2024, NOPB had contracted, in writing, certain of NOPB's operational activities on its premises to its agent and co-Defendant, Deangelo Contracting Services, L.L.C. ["DCS"], namely, to provide NOPB services for railroad vegetation management along NOPB's roadbed and railroad crossings.

8. Upon information and belief, on July 11, 2024, Plaintiff, Carl Weems, in performing his track inspector duties was required to drive NOPB's hi-rail track inspection vehicle on NOPB's tracks on the Huey P. Long Railroad Bridge.

9. In addition, on that same date, NOPB required and assigned its trackman employee, Plaintiff, Brandon Jacob, as part of his duties, to ride as a passenger in its contracted agent's hi-rail truck also operating on the Huey P. Long Railroad Bridge to provide vegetation management/spraying to NOPB.

10. The essential facts giving rise to the claim include, but are not exclusively limited to, that on July 11, 2024, NOPB's agent, DCS, through its hi-rail truck driver negligently and/or carelessly failed to maintain proper braking and control of his hi-rail truck, in which Plaintiff, Brandon Jacob, was riding as a passenger, causing the DCS truck to collide into the back of the NOPB hi-rail truck operated by Plaintiff, Carl Weems, who was operating NOPB's hi-rail truck on the rail in front of the DCS truck.

11. Plaintiff, Carl Weems, states that at the time of this collision he was an able-bodied railroad worker, and that as a direct cause of Defendant, NOPB's, negligence, through its acts and the acts of its "agent," DCS, under the Federal Employer's Liability Act (FELA), Plaintiff sustained injuries to his upper, middle, and lower lumbar spine and cervical spine, which have required ongoing medical treatment for pain, discomfort, and radiculopathy.

12. Plaintiff, Brandon Jacob, states that at the time of this collision he was an able-bodied railroad worker, and that as a direct cause of Defendant, NOPB's, negligence, through its acts and the acts of its "agent," DCS, under the Federal Employer's Liability Act (FELA), Plaintiff sustained injuries to his upper back, lumbar spine, and cervical spine, which have required ongoing medical treatment for pain, discomfort, and muscle spasms.

13. Plaintiffs further plead that Defendant, NOPB, through their agents, servants, and employees negligently and carelessly failed to provide them with a reasonably safe place to work in violation of the provisions of FELA, 45 U.S.C. § 51, *et seq.*, thereby causing and/or

contributing to the stated injuries; and the negligence of NOPB includes, but is not limited to the following acts to-wit:

    A. In that NOPB, in violation of its non-delegable duty, failed to provide Plaintiffs with a reasonably safe place to work, which extends to the actions and omissions of its own employees and its agents;

    B. In that NOPB, contracted in writing with co-Defendant, DCS, to specifically perform NOPB's operational activitiy of maintaining the vegetation of NOPB's track roadbed and railroad crossings, which specifically required that DCS, as NOPB's "agent," operate on NOPB's premises under the control and supervision of NOPB.

    C. In that NOPB, in violation of its non-delegable duty, through its "agent," negligently failed to maintain proper braking and control of the DCS hi-rail vehicle and failed to exercise reasonable care in operating the vehicle;

    D. In that NOPB, in violation of its non-delegable duty, failed to warn Plaintiffs of unsafe workplace conditions of which it knew, or in the exercise of reasonable care, should have known, including, but not limited to prior substandard conduct of its "agent" DCS.

    E. In that NOPB failed to exercise due care and caution commensurate with the surrounding circumstances;

    F. Other acts and omissions of negligence, which will be fully enumerated at the trial of this matter.

14. Plaintiff, Carl Weems, demands all damages reasonable in the premises and specifically itemizes the following damages for which he seeks recovery:

    A. Physical Pain and Suffering, Past and Future;

    B.  Mental Pain and Suffering, Past and Future;

    C.  Permanent Disability, if any as determined by his treating physicians;

    D.  Loss of Enjoyment of Life;

    E.  Past Lost Wages;

    F.  Future Lost Earning Capacity and Fringe Benefits, if any;

    G.  Unpaid Past Medical Expenses;

    H.  Future Life Care Needs and Medical Expenses for Remainder of Life Expectancy, if necessary and as determined by his treating physicians.

15. Plaintiff, Brandon Jacob, demands all damages reasonable in the premises and specifically itemizes the following damages for which he seeks recovery:

    A.    Physical Pain and Suffering, Past and Future;

    B.    Mental Pain and Suffering, Past and Future;

    C.    Permanent Disability, if any as determined by his treating physicians;

    D.    Loss of Enjoyment of Life;

    E.    Past Lost Wages;

    F.    Future Lost Earning Capacity and Fringe Benefits, if any;

    G.    Unpaid Past Medical Expenses;

    H.    Future Life Care Needs and Medical Expenses for Remainder of Life Expectancy, if necessary as determined by his treating physicians.

16. Plaintiffs are entitled to, and demand, a trial by jury.

17. Plaintiffs reserve the right to amend this Complaint for damages, as additional facts become known to the Plaintiffs and the parties.

    WHEREFORE, Plaintiffs, Carl Weems and Brandon Jacob, pray that Defendant, New Orleans Public Belt Railroad Commission for the Port of New Orleans, be duly served with a

copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiffs, Carl Weems and Brandon Jacob, and against Defendant, New Orleans Public Belt Railroad Commission for the Port of New Orleans, for all sums reasonable in the premises, together with legal interest thereon from the date of judgment, until paid, for all costs of these proceedings and for all general and equitable relief.

### COUNT II:  LOUISIANA STATE LAW NEGLIGENCE
### (IN THE ALTERNATIVE)

18. Plaintiffs adopt and incorporate each of the preceding statements and allegations and initiate, in the alternative, Count II below in the event that this Honorable Court by judge or jury determines that co-Defendant, Deangelo Contracting Services L.L.C.'s legal status in this Federal Employer's Liability Act claim falls outside the status of an "agent" of co-Defendant, NOPB, as stated in 45 U.S.C. 51.

19. This Honorable Court possesses independent subject matter jurisdiction as to Plaintiffs' claims against the Defendant, Deangelo Contracting Services, L.L.C. ["DCS"], pursuant to 28 U.S.C. § 1332 based on the diversity of citizenship of the parties and the amount in controversy exceeds the sum of $75,000.00 exclusive of interests and costs.

20. Permissive Joinder of Plaintiffs' Count II claims against Deangelo Contracting Services L.L.C. with Plaintiffs' Count I claims against New Orleans Public Belt Railroad Commission for the Port of New Orleans is authorized by Rule 20(a)(2)(A) of the Federal Rules of Civil Procedure as all claims arise out of the same transactions, occurrences, and series of events during the hi-rail truck collision on the Huey P. Long Railroad Bridge on July 11, 2024.

21. Defendant, DCS, is a limited liability company organized and domiciled in the State of Delaware, with its principal business establishment of its sole member, upon information and belief, in the State of Pennsylvania.

22. Defendant, DCS, is liable unto Plaintiffs, NOPB track employees, Carl Weems and Brandon Jacob, for all the damages they sustained, as well as all general and equitable relief, together with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings for the following reasons to-wit:

23. Upon information and belief, on or about July 11, 2024, co-Defendant, NOPB, had contracted in writing DCS to provide services for railroad vegetation management of NOPB's railroad track roadbed and railroad crossings.

24. Upon information and belief, on July 11, 2024, Plaintiff, Carl Weems, in performing his track inspector duties was operating NOPB's hi-rail track inspection vehicle on NOPB's tracks on the Huey P. Long Railroad Bridge.

25. In addition, on that same date, DCS, through its employee driver, was tasked in the course and scope of his employment by DCS to operate its hi-rail vegetation management truck on the Huey P. Long Railroad Bridge, which included Plaintiff, NOPB trackman Brandon Jacob, who was riding aboard as a passenger.

26. The essential facts giving rise to the claim include, but are not exclusively limited to, that on July 11, 2024, DCS, through its hi-rail truck driver negligently and/or carelessly failed to maintain proper braking and control of the DCS hi-rail truck, in which Plaintiff, Brandon Jacob, was riding as a passenger, causing the DCS truck to collide into the back of the NOPB hi-rail truck operated by Plaintiff, Carl Weems, who was operating NOPB's hi-rail truck on the rail in front of the DCS truck.

27. Plaintiffs specifically plead, pursuant to Articles 2315, 2316, and 2317.1 of the Louisiana Civil Code, that DCS negligently and carelessly violated its duty to exercise reasonable care to prevent Plaintiffs' injuries and damages caused by its employed driver, which proximately caused, contributed, or played a substantial role in the hi-rail truck collision, in addition to the following acts of negligence:

    A. In that DCS, negligently hired, supervised, and trained its employee driver who failed to exercise reasonable care in operating its hi-rail truck and trailer;

    B. Other acts and omissions to be established during discovery and trial;

28. Plaintiff, Carl Weems, demands all damages reasonable in the premises and specifically itemizes the following damages for which he seeks recovery:

    A. Physical Pain and Suffering, Past and Future;

    B. Mental Pain and Suffering, Past and Future;

    C. Permanent Disability, if any as determined by his treating physicians;

    D. Loss of Enjoyment of Life;

    E. Past Lost Wages;

    F. Future Lost Earning Capacity and Fringe Benefits, if any;

    G. Unpaid Past Medical Expenses;

    F. Future Life Care Needs and Medical Expenses for Remainder of Life Expectancy, if necessary and determined by his treating physicians.

29. Plaintiff, Brandon Jacob, demands all damages reasonable in the premises and specifically itemizes the following damages for which he seeks recovery:

    A. Physical Pain and Suffering, Past and Future;

    B. Mental Pain and Suffering, Past and Future;

  C.  Permanent Disability, if any and as determined by his treating physicians;

  D.  Loss of Enjoyment of Life;

  E.  Past Lost Wages;

  F.  Future Lost Earning Capacity and Fringe Benefits, if any;

  G.  Unpaid Past Medical Expenses;

  H.  Future Life Care Needs and Medical Expenses for Remainder of Life Expectancy, if necessary and as determined by his treating physicians.

30. Plaintiffs are entitled to, and demand, a trial by jury.

31. Plaintiffs reserve the right to amend this Complaint for damages, as additional facts become known to the Plaintiffs and the parties.

  WHEREFORE, Plaintiffs, Carl Weems and Brandon Jacob, pray that Defendant, Deangelo Contracting Services L.L.C., be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiffs, Carl Weems and Brandon Jacob, and against Defendant, Deangelo Contracting Services L.L.C., for all sums reasonable in the premises, together with legal interest thereon from the date of judicial demand, until paid, for all costs of these proceedings and for all general and equitable relief.

  Signed this 21st day of August 2024

Respectfully Submitted,

**DAVIS, SAUNDERS & MILLER LAW FIRM**

BY: */s/ Joseph M. Miller, Esq.*

**JOSEPH M. MILLER #30636**
**BENJAMIN B. SAUNDERS #11733**
450 North Causeway Blvd., Suite D
Mandeville, Louisiana 70448
Telephone: (985) 612-3070
Facsimile: (985) 612-3072
**Attorneys for Plaintiff,**
**Carl Weems and Brandon Jacob**

**Please Issue Summons:**

New Orleans Public Belt Railroad Commission for the Port of New Orleans
c/o Jean-Paul Escudier
1350 Port of New Orleans Place
New Orleans, Louisiana 70130

Deangelo Contracting Services L.L.C.
c/o Corporation Service Company
450 Laurel Street, 8th Floor
Baton Rouge, Louisiana 70801